**IT IS ORDERED as set forth below:**

Date: November 2, 2021

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHRISTOPHER MICHAEL SPANN, | ) | Case No. 19-61872-JRS |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**ORDER DENYING DEBTOR'S MOTION TO VOLUNTARILY DISMISS CASE**

Debtor Christopher Spann filed this Chapter 13 case on August 1, 2019, and the case was confirmed on February 25, 2020 [Doc. No. 22]. According to the proof of claim filed by the mortgage holder in the case, there was an arrearage of more than $13,000 at the time the case was filed, including principal, interest, fees, costs, and escrow shortages. The mortgage holder subsequently filed a motion for relief from the automatic stay in which it alleged that the Debtor

1

was delinquent on his first six post-petition payments that had come due in the case. [Doc. No. 28] That motion was resolved by a Consent Order on August 25, 2020 [Doc. No. 40] and an Order entered on September 8, 2020 allowing Debtor to cure the post-petition arrearage through the plan. [Doc. No. 43]

On June 9, 2021, Debtor filed an Emergency Motion to Sell requesting permission from the Court to sell the real property located at 9784 Spyglass Drive, Villa Rica, GA 30180 (the "Property") for $370,000.00 [Doc. No. 50]. The Motion to Sell stated that all liens and encumbrances would be satisfied at closing and the Debtor anticipated that the remaining proceeds would be sufficient to pay the remaining balance of his Chapter 13 plan. The Order granting the Motion to Sell was entered on June 30, 2021 and stated, in part:

> "**FURTHER ORDERED** that after the payment of all applicable liens, encumbrances and closing costs, the closing attorney shall disburse the net proceeds as follows: $68,500.00 to Nancy J. Whaley, Standing Chapter 13 Trustee, to be distributed, less the Trustee's statutory fee, to pay all allowed claims in full. Any additional net proceeds may be remitted directly to the Debtor at closing. However, should the amount paid to the Chapter 13 Trustee be insufficient to pay all allowed claims in full, Debtor shall immediately remit to the Chapter 13 Trustee sufficient funds to pay allowed claims in full."

On July 19, 2021 Debtor filed a Motion to Retain Funds which stated that the closing of the sale had taken place on July 2, 2021 and the proceeds from the sale of $123,853.24 were paid directly to the Debtor. The Motion to Retain, which was later withdrawn, sought to pay the Chapter 13 Trustee $30,000, allow the Debtor to retain the balance of $93,853.24 in order to purchase land and a vehicle, and resume paying his Chapter 13 plan payments. On July 22, 2021 the Debtor filed a Motion to Voluntarily Dismiss Case [Doc. No. 62]. Both the Chapter 13 Trustee and the United States Trustee filed objections to the Motion to Retain. The Chapter 13 Trustee obtained a sworn affidavit from the real estate closing attorney in which she stated that the Debtor had signed both a "Seller Information Form" and "Seller's Affidavit" in which he denied having filed for

bankruptcy and asserted that there were no suits, judgments, or bankruptcies that could affect the property [Doc. No. 65, Ex. 1]. The Chapter 13 Trustee filed a Motion requesting the case be dismissed for cause with a bar on refiling, and the United States Trustee filed a Motion to Dismiss Pursuant to Section 349 and Barring Discharge, or in the Alternative, Motion to Convert Case to Chapter 7 [Doc. No. 73, 75]. Both of these Motions, as well as the Debtor's Motion to Voluntarily Dismiss were heard on October 19, 2021.

The Eleventh Circuit has not taken a position on whether a Chapter 13 debtor has an absolute right to dismissal, although several lower courts have held that the right to voluntary dismissal is qualified by accusations of bad faith and abuse of the bankruptcy process. *See In re Jones*, 231 B.R. 110 (Bankr. N.D. Ga. 1999)(case was filed for wrongful purpose, warranting denial of dismissal without prejudice); *In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008)(debtor's bad faith was cause for denial of motion to voluntary dismiss, case was converted to one under chapter 7).

In the instant case there exists clear evidence that the Debtor (a) violated the June 30, 2021 Order of this Court directing payment of $68,000 to the Chapter 13 Trustee, (b) confiscated estate property for his own use and (c) affirmatively concealed his bankruptcy filing to prevent proceeds from the sale of the Property going to his creditors in completion of his Chapter 13 plan. The Debtor failed to appear during any of the hearings on the aforementioned motions to explain his behavior. The Court is aware of cases, including in other circuits, that hold that a debtor has the absolute right to dismiss a case and this Court understands that a debtor cannot be compelled to continue to make monthly payments from his or her disposable income.  But when there has been an abuse of the process such as what we have in this case, where we have a debtor who sought and received the protection of this Court, and benefited from that protection, and then knowingly

violated a court order and absconded with assets of the estate to the detriment of creditors, the Bankruptcy Code does not prohibit this Court from protecting creditors and the integrity of the bankruptcy process by denying a request to voluntarily dismiss a case. The denial of the Motion to Dismiss will enable this Court to retain jurisdiction over the assets stolen from the estate so an investigation can be undertaken and the absconded assets can be recovered for the benefit of creditors. Any other result - even dismissal with denial of discharge - would enable the Debtor to benefit from his wrongdoing to the detriment of creditors, including the delay and financial and other burdens that would be placed on creditors to collect their claims in other forums. As such, it is hereby

**ORDERED** that the Debtor's Motion to Voluntarily Dismiss his case is **DENIED.** An order granting the United States Trustee's Motion converting the case to one under Chapter 7 will be entered separately.

The Clerk shall serve a copy of this Order on Debtor, former counsel for Debtor, the Chapter 13 Trustee, the United States Trustee, and all creditors and parties in interest.

**END OF DOCUMENT**